IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| NICKLOS DRILLING COMPANY, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | Civil Action No. 6:14-21 |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY, | § | |
|     Defendant. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

Roy L. Barnes, lead counsel for Nicklos Drilling Company ("Nicklos") and Alicia G. Curran, lead counsel for ACE American Insurance Company ("AAIC") held a telephone conference regarding the Joint Discovery/Case Management Plan on April 22, 2014.

2.    List the cases related to this one that are pending in any state or federal court with the case number and court.

*Miramar Petroleum, Inc. v. American Petroleum Drilling Fluids, Inc., et al.*, Cause No. 13-6-14449, in the 267th Judicial District Court, Jackson County, Texas ("Underlying Litigation").

*Miramar Petroleum, Inc. v. Underwriters at Lloyd's London, Brit Syndicate 2987*, No. 13-cv-00418, U.S. District Court, Southern District of Texas, Corpus Christi Division which was consolidated into and made a part of *Lloyd's of London Syndicate No. 2987 v. Miramar Petroleum, Inc*., No. 13-cv-00393, U.S. District Court, Southern District of Texas, Corpus Christi Division ("Lloyds Coverage Litigation").

*Cimarron Engineering, LLC v. Miramar Petroleum, Inc.*, Case No. 13-14-00163-CV, in the Corpus Christi (Thirteenth) Court of Appeals ("Appellate Litigation").

3.      Briefly describe what this case is about.

Whether the AAIC commercial general liability policy issued to Miramar Petroleum, Inc. ("Miramar") requires AAIC to defend or indemnify Nicklos with regard to claims made by Miramar against Nicklos in the Underlying Litigation.

4.      Specify the allegations of federal jurisdiction.

28 U.S.C. §§1332 and 1441 (diversity jurisdiction).

5.      Name the parties who disagree and the reasons.

No disagreement.

6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Potentially, Miramar.

7.      List anticipated interventions.

Potentially, Miramar.

8.      Describe class-action issues.

Not applicable.

9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have agreed to exchange initial disclosures on or before May 15, 2014.

10.     Describe the proposed agreed discovery plan, including:

A.      Responses to all the matters raised in Rule 26(f).

B.     When and to whom the plaintiff anticipates it may send interrogatories.

C.     When and to whom the defendant anticipates it may send interrogatories.

D.     Of whom and by when the plaintiff anticipates taking oral depositions.

E.     Of whom and by when the defendant anticipates taking oral depositions.

F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

Counsel for the parties recognize that the coverage issues may be resolvable via Cross-Motions for summary judgment on the duty to defend. A summary judgment ruling for Plaintiff may also encompass the duty to indemnify; however, a ruling for Defendant may not extend to the duty to indemnify (until the underlying Lawsuit is resolved). The parties agree that initial discovery should be limited accordingly. If the Court determines that fact issues exist that prevent summary adjudication of  alleged duty to defend, additional discovery would then become necessary. The parties agree that discovery deadlines should be set based upon the date of the Court's ruling(s) on the Cross-Motions for Summary Judgment.

Also, counsel for the parties will agree upon a mutually acceptable Protective Order to prevent disclosure of any information which, if disclosed in this action, could prejudice  defense of the Underlying Lawsuit.

11.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

No disagreement.

12.    Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

13.    State the date the planned discovery can reasonably be completed.

Not applicable at this time given the parties' agreement to file Cross-Motions for Summary Judgment on the duty to defend issue.

14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

The parties' counsel preliminarily discussed settlement alternatives and will continue discussing same.

15.    Describe what each party has done or agreed to do to bring about a prompt resolution.

See #14.

16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

With regard to the duty to defend, the parties believe that Cross-Motions for Summary Judgment are the best alternative to resolution of the matter.  With regard to the duty to indemnify, alternatives will depend upon developments in the Underlying Litigation and Lloyds Coverage Litigation.

17.    Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not agree to trial before a magistrate judge.

18.    State whether a jury demand has been made and if it was made on time.

No jury demand has been made.

19.    Specify the number of hours it will take to present the evidence in this case.

Unknown at this time given that this is a coverage matter with two phases: duty to defend versus duty to indemnify. The duty to defend in all likelihood is resolvable by Cross-Motions for Summary Judgment. The duty to indemnify issues, if any, will not be known until resolution of the Underlying Litigation.

20.   List pending motions that could be ruled on at the initial pretrial and scheduling conference.

None.

21.   List other motions pending.

None.

22.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

Suggest that the Court set Scheduling Order for filing of Cross-Motions and the responses and replies thereto, along with hearing date, if requested. Parties suggest an initial filing date for both parties of July 11, 2014, with respective responses due August 1, 2014, and respective replies due August 11, 2014.

23.   Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The parties certify that the Disclosure of Interested Parties have been filed as follows:

Nicklos:  March 31, 2014 [Doc 4]

AAIC:  March 14, 2014 [Doc 2]

24.    List the names, bar numbers, addresses, and telephone numbers of *all* counsel.


 /s/ Roy L. Barnes                                      May 9, 2014
Roy L. Barnes
Attorney-in-Charge
Texas State Bar Number 01772500
Southern District Bar Number 14055
rbarnes@tbgdlaw.com

Of Counsel:
TUCKER, BARNES, GARCIA & DE LA GARZA, P.C.
712 Main Street, Suite 1600
Houston, Texas  77002-3297
Telephone:  (713) 228.7425
Telecopier:  (713) 228.7329

ATTORNEYS FOR PLAINTIFF
NICKLOS DRILLING COMPANY


 /s/ Alicia G. Curran                                    May 9, 2014
Alicia G. Curran
Attorney-in-Charge
Texas State Bar Number 12587500
Southern District Bar Number 19226
acurran@cozen.com

Of Counsel:
COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas 75201-7335
Telephone:  (214) 462-3000
Facsimile:  (214) 462-3299

ATTORNEYS FOR DEFENDANT
ACE AMERICAN INSURANCE COMPANY