# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| NICKLOS DRILLING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:14-cv-21 |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF NICKLOS DRILLING COMPANY'S RESPONSE TO DEFENDANT ACE AMERICAN'S MOTION FOR SUMMARY JUDGMENT

Nicklos Drilling Company, the plaintiff, responds to Ace American Insurance Company's Motion for Summary Judgment and shows:

***I. Nickos relies on its own Motion for Partial Summary Judgment to answer most of Ace's arguments in its motion.***

Nicklos's Motion for Partial Summary Judgment Regarding Ace American's Breach of Its Duty to Defend adequately answers most of the arguments Ace advances in its motion. Rather than repeat those arguments, Nicklos will simply incorporate them here by reference and otherwise limit itself here to addressing only those Ace arguments that seem to require further response.

## II.  The Professional Services Exclusion does not allow Ace to escape its duty to defend Nicklos.

Ace misplaces its reliance on *Admiral Ins. Co. v. Ford*, 607 F.3d 420 (5th Cir. 2010) (Def. Mot'n at 8-9).  There, Exco Resources hired Ford to "create a drilling plan for an oil well and to consult and assist in the drilling of the well."  Creating a plan to drill an oil well is an engineering function involving the application of training and education in engineering.  Consulting and assisting in the drilling is the type of thing a "company man" does and also involves the application of training and education in engineering.  *Cimarron Engineering, LLC v. Miramar Petroleum, Inc.*, No. 13-14-00163-CV, 2014 WL 2937012, 2014 Tex. App. LEXIS 6811 (Tex. App.–Corpus Christi, June 26, 2014, no pet. hist.) (motion for rehearing pending).

The practice of engineering is work that is predominantly mental or intellectual, rather than physical or manual.  So it is a professional service.  *Retherford v. Castro*, 378 S.W.3d 29 (Tex. App.–Waco 2012, pet. denied); *Maryland Casualty Co. v. Crazy Water Co.*, 160 S.W.2d 102 (Tex. Civ. App.–Eastland 1942, no writ); *Aetna Fire Underwriters Ins. Co. v. Southwestern Engineering Co.*, 626 S.W.2d 99, 101 (Tex. App.–Beaumont 1981, writ ref'd n.r.e.).

But that is a far cry from the roughnecks working for Nicklos. Miramar did not hire Nicklos to "consult" or to "assist" in drilling the well. Miramar hired Nicklos to actually *drill* the Sartwelle well. Because the work performed by Nicklos Drilling was work that is primarily physical or manual, rather than mental or intellectual, Nicklos's work was not a "professional" service and the Professional Services Exclusion does not apply.

Ace similarly misplaces its reliance on *Atlantic Lloyd's Ins. Co. v. Susman Godfrey, L.L.P.*, 982 S.W.2d 472 (Tex. App.–Dallas 1998, pet. denied) (Def. Mot'n at 8). There, a lawyer sent a letter to a former patient of Dr. Likover informing the former patient of a previous lawsuit against Likover and inviting the patient to contact the law firm. *Id*. at 474. Likover sued the firm for defamation. *Id*. The law firm sought defense and indemnity from its liability insurer. *Id*. The insurer denied coverage and argued that the lawsuit fell within the scope of the professional services exclusion in the law firm's policy. *Id*. The court ruled in favor of the law firm.

In the *Susman Godfrey* case, there was no dispute that the law firm's primary business activity involved providing professional services. Unlike Nicklos's roughnecks, the work performed by lawyers is primarily mental or intellectual. The issue in the *Susman Godfrey* case was whether the solicitation

3

letter at issue involved providing professional services. *Id.* at 476. In holding that the professional services exclusion did not apply, the court said:

> Professional services are considered those acts which use the inherent skills *typified* by that profession, not *all* acts associated with the profession.

*Id.* at 477.

In reaching its conclusion, the court relied in part on some of the same authorities cited by Nicklos in its own Motion for Partial Summary Judgment. The *Susman Godfrey* court relied in part on the Nebraska Supreme Court's holding in *Marx v. Hartford Accident and Indemnity Co.*, 157 N.W.2d 870, 871-72 (Neb. 1968), the same opinion quoted by the Third Circuit in *Harad v. Aetna Cas. and Sur. Co.*, 839 F.2d 979 (3rd Cir. 1988), in holding that a "professional" act "is one arising out of a vocation, calling, occupation, or employment involving specialized knowledge, labor, or skill and the labor or skill involved is predominantly mental or intellectual, rather than physical or manual." (*See* Pl. Mot'n at 25.) 982 S.W.2d at 476. The *Susman Godfrey* court also relied in part on *Maryland Casualty Co. v. Crazy Water Co.*, 160 S.W.2d 102 (Tex. Civ. App.–Eastland 1942, no writ), which reached the same conclusion. (*See* Pl. Mot'n at 25.) 982 S.W.2d at 476.

In the *Susman Godfrey* case, there was no dispute that the act at issue had been committed by a professional. Unlike our case, the court had no need to delve into the meaning of the term "professional." The court did *not* hold that *any* act particular to *any* specialized vocation qualifies as a "professional" service. Such a holding would transform a "professional services" exclusion into a general exclusion because every business engages in tasks that are particular to that business's specialized area. For example, garbage-collection companies regularly engage in tasks that are particular to garbage collection, but no one would ordinarily understand garbage collection to be a "professional" service. If construed to apply to *any* act particular to *any* specialized vocation, a "professional services" exclusion would swallow whole the protection afforded by a commercial general liability policy.

Nor does *Davis-Ruiz Corp. v. Mid-Continent Cas. Co.*, 281 Fed. Appx. 267 (5th Cir. 2008), support Ace's position (Def. Mot'n at 8). First, the language on which Ace relies is not that of the Fifth Circuit. Instead, it is merely the Fifth Circuit's recitation of the lower court's holding. *Id.* at 271. Second, while the language on which Ace relies *is* a quotation from the *Susman Godfrey* case, Nicklos has shown above that the *Susman Godfrey* case does not apply here. Third, in reversing the district court and holding that the professional services

5

exclusion did not apply, the Fifth Circuit neither adopted, nor applied, the language on which Ace relies. Instead, the court held that the claims in the underlying suit did not fall within the scope of the professional services exclusion at issue even assuming they involved services of a professional nature. *Id.* at 271-72. Again, the court had no reason to delve into the meaning of the term "professional." So the *Davis-Ruiz* case is of no help here.

The Professional Services Exclusion does not apply in this case.

***III. Ace previously acknowledged Miramar's claim for the value of the tools and equipment lost in the hole and cannot ignore it now.***

When it denied Nicklos's claim, Ace clearly understood that Miramar seeks to recover from Nicklos the value of the equipment and tools lost in the hole. In addressing exclusion 2.j(6), Ace said, "[A]ll damages relating to the *replacement of the equipment* and the redrilling of the well are barred by Exclusion j(6)." (Nicklos Exh. 13 at 2) (emphasis supplied). Moreover, Ace knows that Miramar seeks to recover those losses from Nicklos because Nicklos specifically reported that to Ace in Nicklos's initial claim letter (Nicklos Exh. 7 at 2). Yet now Ace claims that Miramar does not allege that it seeks to recover those very damages (Def. Mot'n at 4).

Ace ignores the relevant law: This court applies the "eight corners" rule liberally in favor of the insured, Nicklos, and resolves any doubts in favor of Nicklos. *E.g.*, *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3 546, 552 (5th Cir. 2004). "If *any* allegation in the complaint is *even potentially* covered by the policy, then the insurer has a duty to defend its insured." *Id.* (*quoting Enserch Corp. v. Shand Morahan & Co., Inc.*, 952 F.2d 1485, 1492 (5th Cir. 1992)) (emphasis in original). Ace is obligated to defend Nicklos if the facts alleged, taken as true, potentially assert a claim for coverage under the policy. *Ace American Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 840 (5th Cir. 2012).

Miramar alleges that, as a result of the blowout, equipment, drill pipe, and tools were broken in the well (Nicklos Exh. 5 ¶ 16). Miramar seeks to recover "Actual Damages" and "Economic Damages" (id. at NDC/ACE 000030). While Miramar's pleading is not a model of clarity, construed liberally Miramar has made sufficient allegation to recover for the value of the equipment and tools lost in the hole. Moreover, Miramar's allegation about the equipment and tools lost in the hole at least *potentially* asserts a claim for the value of that property that falls within the coverage provided by Ace's policy. Ace cannot evade its duty to

defend by ignoring that claim, especially when Ace has already denied Nicklos coverage for it.

### *IV. The Underground Endorsement supersedes the printed-form exclusions on which Ace relies.*

The Ace Policy includes an Underground Endorsement (Nicklos Exh. 1 ACE 00046-47). As Nicklos showed in its own Motion for Partial Summary Judgment Regarding Ace American's Breach of Its Duty to Defend, the Underground Endorsement specifically provides coverage for Miramar's claims and, in the event of any conflict, controls over the printed terms of the main policy (Pl. Mot'n at 15-17). *Mid-Continent Cas. Co. v. Bay Rock Operating Co.*, 614 F.3d 105, 115-16 (5th Cir. 2010). Each of the exclusions cited by Ace in its motion is part of the printed terms of the main policy, except the Professional Services Exclusion. So, even if Ace's interpretation of those exclusions is correct, the Underground Endorsement controls and provides coverage for Miramar's claims against Nicklos. *Id.*

That is true with regard to exclusion 2.j(1) even though Ace has focused its argument there on whether *Miramar* owns, rents, or occupies the property rather than whether *Nicklos* does (Def. Mot'n at 9-10). Ace's

interpretation would still conflict with the Underground Endorsement and the Underground Endorsement would still control.

### V. The court should deny Ace American's motion for summary judgment regarding its violation of Texas Insurance Code Chapter 542.051, *et seq.*

Ace offers only one basis for summary judgment on Nicklos's claims that Ace has violated Texas Insurance Code Chapter 542.051, *et seq.* – that Ace did not and does not owe Nicklos a defense (Def. Mot'n at 16). As Nicklos has shown, however, Ace did and does owe Nicklos a defense in connection with the underlying lawsuit.

Ace breached its duty under its policy to provide that defense. And Ace admits that the Texas Supreme Court has held that Chapter 542.051 applies to a liability insurer's failure to pay defense costs when owed under the policy – exactly what has happened here (Def. Mot'n at 16). So the court should deny Ace's motion for summary judgment.

### VI. CONCLUSION

The court should grant Nicklos summary judgment declaring that Ace has a duty to defend Nicklos against Miramar's claims in the underlying case and that Ace has breached its insurance contract by failing and refusing to do so. The

court should deny Defendant Ace American Insurance Company's Motion for Summary Judgment.

Respectfully submitted,

/s/ Roy L. Barnes
ROY L. BARNES, Attorney-in-Charge
State Bar No. 01772500
Southern District Bar No. 14055
RBarnes@TBGDLaw.com

Of Counsel:
JESUS GARCIA, JR.
State Bar No. 24027389
Southern District Bar No. 30623
Jgarcia@TBGDLaw.com

TUCKER, BARNES, GARCIA &
DE LA GARZA, P.C.
712 Main St., Suite 1600
Houston, Texas 77002
(713) 228-7425
(713) 228-7329 (Fax)

## **CERTIFICATE OF SERVICE**

        I certify that a true and correct copy of the foregoing document was served on the following via the Court's Electronic Filing System:

        Alicia G. Curran, Esq.
        1717 Main Street, Suite 3400
        Dallas, Texas 75201

on this 2nd day of September, 2014.

        /s/ Roy L. Barnes
        ROY L. BARNES