# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### VICTORIA DIVISION

| | | |
|---|---|---|
| NICKLOS DRILLING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:14-cv-21 |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF NICKLOS DRILLING COMPANY'S RESPONSE TO DEFENDANT ACE AMERICAN'S SUR-REPLY TO NICKLOS'S REPLY TO ACE'S RESPONSE TO NICKLOS DRILLING'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Respectfully submitted,

 /s/ Roy L. Barnes
ROY L. BARNES, Attorney-in-Charge
State Bar No. 01772500
Southern District Bar No. 14055
RBarnes@TBGDLaw.com

Of Counsel:
JESUS GARCIA, JR.
State Bar No. 24027389
Southern District Bar No. 30623
Jgarcia@TBGDLaw.com

TUCKER, BARNES, GARCIA & DE LA GARZA, P.C.
712 Main St., Suite 1600
Houston, Texas 77002
(713) 228-7425
(713) 228-7329 (Fax)
ATTORNEYS FOR PLAINTIFF
NICKLOS DRILLING COMPANY

# TABLE OF CONTENTS

                                                                   **Pages(s)**

| | | |
|---|---|---:|
| I. | NATURE AND STAGE OF THE PROCEEDING.................... | 1 |
| II. | ISSUES AND STANDARD OF REVIEW......................... | 2 |
| | A. Issues Presented...................................... | 2 |
| | B. Standard of Review................................... | 2 |
| III. | SUMMARY OF THE ARGUMENT............................. | 2 |
| IV. | ARGUMENT............................................... | 3 |
| | A.    Ace misapplies the law regarding extrinsic evidence........ | 3 |
| | B.    Ace cannot hide behind exclusion 2.j(6)................. | 6 |
| | C.    The Pollution Endorsement does not apply................ | 8 |
| | D.    Nicklos has produced evidence that Ace violated the Texas Prompt Payment of Claims Act..................... | 11 |
| | E.    The issue of Ace's duty to indemnify is not ripe........... | 13 |
| V. | CONCLUSION............................................. | 14 |

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Pages(s)**

*Allstate Ins. Co. v. Bonner*,
    51 S.W.3d 289 (Tex. 2001)......................................................................... 12

*American States Ins. Co. v. Nethery*,
    79 F.3d 473 (5th Cir. 1996).......................................................................... 9

*Auten v. Employers Nat. Ins. Co.*,
    722 S.W.2d 468 (Tex. App.–Dallas 1986), writ denied,
    749 S.W.2d 497 (Tex. 1988)......................................................................... 9

*Berkley Regional Ins. Co. v. Phila. Indem. Ins. Co.*,
    2011 WL 9879170, U.S. Dist. LEXIS 155852
    (W.D. Tex., Apr. 27, 2011), *rev'd on other grounds*,
    690 F.3d 342 (5th Cir. 2012)......................................................................... 12

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)...................................................................................... 2

*D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co.*,
    300 S.W.3d 740 (Tex. 2008)......................................................................... 13, 14

*Gilbane Bldg. Co. v. Admiral Ins. Co.*,
    664 F.3d 589 (5th Cir. 2011).......................................................................... 13

*GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*,
    197 S.W.3d 305 (Tex. 2006)......................................................................... 4, 5

*Lamar Homes, Inc. v. Mid-Continent Cas. Co.*,
    242 S.W.3d 1, 20 (Tex. 2007)....................................................................... 12

*Matsushita v. Zenith Radio*,
    475 U.S. 574 (1986)...................................................................................... 2

*Mescalero Energy, Inc. v. Underwriters Indemn.*
    *Gen'l Agency, Inc.*, 56 S.W.3d 313
    (Tex. App. – Houston [1st Dist.] 2001, pet. denied)......................................... 8

*Mid-Continent Cas. Co. v. JHP Development, Inc.*,
    557 F.3d 207 (5th Cir. 2009) ............................................................................. 7

*Mid-Continent Cas. Co. v. Krolczyk*,
    408 S.W.3d 896
    (Tex. App.–Houston [1st Dist.] 2010, pet. denied).......................................... 7

*Northfield Ins. Co. v. Loving Home Care, Inc.*,
    363 F.3d 523 (5th Cir. 2004) ............................................................................. 4

*Ooida Risk Retention Group, Inc. v. Williams*,
    579 F.3d 469 (5th Cir. 2009) ............................................................................. 4

*Pine Oak Builders, Inc. v. Great American Lloyd's Ins. Co.*,
    279 S.W.3d 650 (Tex. 2009) ......................................................................... 4, 5

*Trammell Crow Residential Co. v. Virginia Surety Co.*,
    643 F. Supp. 2d 844 (N.D. Tex. 2008).......................................................11, 12

*Utica Nat. Ins. Co. of Tex. v. Am. Indem. Co.*,
    141 S.W.3d 198, 203 (Tex. 2004)................................................................... 10

**Other Authorities**

16 Tex. Admin. Code § 8.215................................................................................... 9

49 C.F.R. § 192.625 ................................................................................................. 9

BLACK'S LAW DICTIONARY 184 (10th ed.) (2014)..................................................... 8

BLACK'S LAW DICTIONARY 1479 (10th ed.) (2014)................................................... 10

CONCISE OXFORD ENGLISH DICTIONARY 752 (11th ed.) (2008)............................... 9

CONCISE OXFORD ENGLISH DICTIONARY 1252 (11th ed.) (2008).............................. 5

Tex. Ins. Code Ann. § 542.058................................................................ 12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| NICKLOS DRILLING COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:14-cv-21 |
| | § | |
| ACE AMERICAN INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF NICKLOS DRILLING
COMPANY'S RESPONSE TO DEFENDANT ACE
AMERICAN'S SUR-REPLY TO NICKLOS'S
REPLY TO ACE'S RESPONSE TO NICKLOS
DRILLING'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Nicklos Drilling Company, the plaintiff, responds to Defendant Ace American Insurance Company's Sur-Reply to Nicklos's Reply to Ace American's Response to Nicklos's Motion for Summary Judgment. Nicklos shows:

## I. NATURE AND STAGE OF THE PROCEEDING

This is an insurance case. Nicklos Drilling Company sued Ace American Insurance Company for breach of an insurance contract for failing to defend and indemnify Nicklos against claims made in a lawsuit brought by Miramar Petroleum. Nicklos and Ace have filed cross-motions for summary judgment concerning Ace's duty to defend. The issue of Ace's duty to indemnify is not ripe because that duty depends on facts developed in the underlying case. In the underlying case, the trial court dismissed

Miramar's claims against Nicklos on motion for summary judgment. But that ruling is interlocutory and subject to appeal.

## II.  ISSUES AND STANDARD OF REVIEW

### A.  *Issues Presented.*

Whether the claims made by Miramar against Nicklos in the underlying case potentially fall within the scope of coverage under the Ace insurance policy so that Ace has a duty to defend Nicklos in the underlying case. If so, whether Ace has breached its insurance contract by refusing to defend Nicklos.

### B.  *Standard of Review.*

Summary judgment is proper when the pleadings and evidence on file show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court accepts as true all evidence favorable to the nonmovant and draws all reasonable inferences in favor of the nonmovant. *Matsushita v. Zenith Radio*, 475 U.S. 574, 585-87 (1986).

## III.  SUMMARY OF THE ARGUMENT

Brannan's affidavit is not "mixed" extrinsic evidence because it does not contradict any of Miramar's allegations in the underlying suit. The court is free to consider it.

Exclusion 2.j(6) – the "Your Work" exclusion – does not apply at all under Ace's newest argument. Even if it did, it would still not apply to Miramar's claims concerning the equipment, tools, and pipe broken in the hole or to Miramar's claims regarding the 8,600 feet of non-defective hole drilled before the blowout or to Miramar's claims regarding the obstructed reserves. So Ace's newest argument does not change the outcome.

The Pollution Endorsement simply does not apply here. Miramar does not plead any discharge of natural gas. Natural gas is not a pollutant under the policy. And the exclusion on which Ace relies does not apply anyway because, if an incidental discharge of natural gas *did* occur, it did not cause the losses Miramar seeks to recover.

Nicklos has produced evidence of all the essential elements of its claim that Ace violated the Texas Prompt Payment of Claims Act. Ace is not entitled to summary judgment on its duty to indemnify because that must await the outcome of the underlying case, which is not yet final.

## IV. <u>ARGUMENT</u>

### A. *Ace misapplies the law regarding extrinsic evidence.*

Ace does not deny that the Fifth Circuit has held that the Texas Supreme Court would recognize an exception to the "eight corners" rule where "it is initially impossible to discern whether coverage is potentially implicated *and* when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the

3

merits of or engage the truth or falsity of any facts alleged in the underlying case." *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 475-76 (5th Cir. 2009); *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004). Ace notes that Texas law does not permit this court to consider "mixed" extrinsic evidence (Ace Sur-Reply 2). Without further analysis, Ace then jumps to the conclusion that Brannan's affidavit is "mixed" extrinsic evidence.

"Mixed" extrinsic evidence is evidence that is relevant to both coverage and to the truth or falsity of the facts alleged in the underlying case. *GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197 S.W.3d 305, 309 (Tex. 2006). Brannan's affidavit does not challenge the truth of any of Miramar's allegations; nor does it overlap with any of Miramar's factual allegations.

*Pine Oak Builders, Inc. v. Great American Lloyd's Ins. Co.*, 279 S.W.3d 650 (Tex. 2009), is not to the contrary. In the *Pine Oak Builders* case, the Glass plaintiffs alleged that Pine Oak agreed to construct the plaintiffs' house and that Pine Oak alone failed to properly construct the house. *Id.* at 654-55. Pine Oak sought to have the court consider extrinsic evidence showing it had hired subcontractors who had performed the defective work. *Id.* at 654. The Texas Supreme Court rejected Pine Oak's argument. It said:

> The extrinsic fact Pine Oak seeks to introduce in this coverage action contradicts the facts alleged in the Glass suit.

*Id.*

4

The court reasoned that, because the plaintiffs alleged that *Pine Oak*, and *only* Pine Oak, had performed the defective work, evidence that subcontractors had performed the work contradicted the facts alleged in the underlying suit. *Id.* at 654-55. Thus the *Pine Oak* case simply applied long-standing Texas law and reached the same result – based on the same reasoning – that the court had reached in the *GuideOne* case.

Because Brannan's affidavit does not contradict any of Miramar's allegations, it is not "mixed" extrinsic evidence. Nor does Ace identify any such contradiction.

Ace is wrong when it claims that Miramar "does not allege that Nicklos [employees] were 'roughnecks.'" (Ace Sur-Reply 3.) Miramar's First Amended Petition and its Second Amended Petition both allege: "Miramar hired Defendant Nicklos to drill the well." (Nicklos Exh. 4 ¶ 9; Nicklos Exh. 5 ¶ 9). In its Third Amended Petition, Miramar alleged: "Miramar hired Defendant Nicklos to provide a rig, crew, and drill the well." (Nicklos Exh. 6 ¶ 9). Thus Miramar alleges that Nicklos's employees were oil rig workers. The dictionary definition of "roughneck" is: "an oil rig worker." CONCISE OXFORD ENGLISH DICTIONARY 1252 (11th ed.) (2008).

While Miramar's pleadings are silent about the fact that Nicklos's employees were to perform physical labor, that is the nature of the work performed by oil rig workers, which is what Miramar alleges Nicklos was hired to do. Miramar does not

allege that Nicklos was performing tasks that were primarily mental or intellectual; nor does Miramar allege that Nicklos was engaged in providing any "professional" services.

Miramar also does not allege that Nicklos was hired to provide supervisory or inspection activities (Ace Reply 2). Ace ignores Miramar's repeated allegation that it hired *Cimarron* to supervise and control the drilling operations (*e.g.*, "Miramar hired Defendant Cimarron to supervise and direct operations at the wellsite." Nicklos Exh. 5 ¶ 11.) Ace also ignores the contract between Nicklos and Miramar that specifically says that Nicklos acted "under the direction, supervision and control of [Miramar]." (Nicklos Exh. 2, p. 1). And none of Miramar's petitions makes any claim regarding inspection.

### B. Ace cannot hide behind exclusion 2.j(6).

Ace latest argument concerning exclusion 2.j(6) changes nothing. Exclusion 2.j(6) excludes from coverage "property damage" to:

> That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

(Nicklos Exh. 1 at ACE 00010). "Your work" is defined as:

> (1) Work or operations performed by you or on your behalf; and
> (2) Materials, parts or equipment furnished in connection with such work or operations.

(Nicklos Exh. 1 at ACE 00021).

Nicklos has already shown that the exclusion applies only to parts of the property that were themselves the subjects of the defective work. It does not apply to damaged property that was not the subject of the defective work or that was either the

6

subject of nondefective work by the insured or was not worked on by the insured at all. *Mid-Continent Cas. Co. v. JHP Development, Inc.*, 557 F.3d 207, 215 (5th Cir. 2009). If the reference to "your" work refers to Miramar, then the exclusion *still* does not apply to the 8,600 feet of non-defective hole Miramar alleges was drilled before the well blew out or to the equipment, drill pipe, and tools "broken" in the hole because that equipment would not be the subject of the defective work. *Id.* It would not apply to the obstructed reserves either.

Moreover, if the reference to "your" work refers to Miramar, then Miramar's claims fall wholly outside the scope of exclusion 2.j(6). The "your work" exclusion is a business-risk exclusion that is designed to exclude defective work by the insured. *Mid-Continent Cas. Co. v. Krolczyk*, 408 S.W.3d 896, 902 (Tex. App.–Houston [1st Dist.] 2010, pet. denied).

But Miramar does not allege that any of *its* work was defective. Miramar alleges that it hired Cimarron to supervise the drilling operations, Nicklos to physically drill the well, and American Drilling Fluids to develop a drilling mud program and to monitor the weight of the drilling mud. (Nicklos Exhs. 4, 5, 6). And while Ace claims that Miramar was "subcontracting out to others," Miramar does not allege that either (Ace Sur-Reply 4).

Nor does the "on your behalf" part of the "your work" definition apply here. "On your behalf" means the same thing as the phrase "on behalf of you." "On behalf of"

means: "in the name of, on the part of, as the agent or representative of." BLACK'S LAW DICTIONARY 184 (10th ed.) (2014). But Miramar does not allege that Nicklos was acting in the name of Miramar, on the part of Miramar, or as the agent or representative of Miramar.

Under Ace's newest interpretation, Exclusion 2.j(6) simply does not apply here. Ace cannot use it to escape its duty to defend Nicklos.

### C. The Pollution Endorsement does not apply.

Ace insists that a "blowout inherently involves the discharge of gas from a well." (Ace Sur-Reply 5). Ace overlooks the fact that there is such a thing as an underground blowout. There the pressure moves from one formation to another within the wellbore and nothing emerges at the surface. *See, e.g., Mescalero Energy, Inc. v. Underwriters Indemn. Gen'l Agency, Inc.*, 56 S.W.3d 313 (Tex. App. – Houston [1st Dist.] 2001, pet. denied). So no discharge of gas would occur.

And Miramar does not allege any such discharge (Nicklos Exhs. 3, 4, 5, 6). Even if it did, it would not matter because natural gas is not a "pollutant" under the Ace policy.

The Ace policy defines "pollutants" to mean:

> [A]ny solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

8

(id. at ACE 00020 ¶ 15). If any natural gas did escape – and there are no pleadings or evidence that any did – it would have simply drifted away into the atmosphere and would not contaminate anything. So it would not be a contaminant. *See Auten v. Employers Nat. Ins. Co.*, 722 S.W.2d 468, 469 (Tex. App.–Dallas 1986), writ denied, 749 S.W.2d 497 (Tex. 1988) (defining "contamination" as: "a condition of impairment or impurity result[ing] from mixture or contact with a foreign substance"). Ace points to no evidence that natural gas is a contaminant.

Natural gas ordinarily is not an irritant either. An "irritant" is "a substance that irritates part of the body." CONCISE OXFORD ENGLISH DICTIONARY 752 (11th ed.) (2008). To "irritate," it must cause inflammation in a part of the body. *Id.*; *cf. American States Ins. Co. v. Nethery*, 79 F.3d 473, 476 (5th Cir. 1996) (defining "irritant" as "an agent by which irritation is produced[;]" "a substance that produces a *particular* effect") (emphasis in original).

Natural gas is usually colorless and odorless in its natural state. That is why natural gas suppliers add an odorizer as a safety precaution so that people can detect it. *See* 49 C.F.R. § 192.625; 16 Tex. Admin. Code § 8.215 (requiring natural gas supplied to end users be odorized). Natural gas does not ordinarily cause inflammation in part of the body, does not cause irritation, and does not produce a particular adverse effect on people. So it is not an irritant. Most of us have encountered the odorizer at one time or another, which means we were exposed to natural gas. Yet we had no ill effects. Ace

9

points to no evidence that natural gas is an irritant. And Miramar's pleadings do not allege that any person or property was harmed by natural gas.

Since natural gas is not a contaminant or an irritant, it is not a "pollutant" under the Ace policy. And Ace has not met its burden of proving to the contrary in order to establish that the exclusion applies. So even if Miramar *had* alleged a release of natural gas as part of the blowout, the pollution endorsement would still not apply.

Moreover, the Pollution Exclusion would not apply to the claims made in the underlying case even if Miramar *had* alleged a discharge of natural gas and even if natural gas *were* a "pollutant." The exclusion on which Ace relies says:

> [T]his insurance does not apply to any injury, damage, expense, cost, "loss", liability or legal obligation *arising out of or in any way related to* any actual or alleged discharge, dispersal, seepage, migration, release or escape of "pollutants" . . . ."

(Nicklos Exh. 1 at ACE 00036, Sec. III.C) (emphasis supplied). Thus the policy focuses on the relationship between the loss for which recovery is sought and the discharge of the "pollutant."

"Arising out of" requires a causal connection or relation. *Utica Nat. Ins. Co. of Tex. v. Am. Indem. Co.*, 141 S.W.3d 198, 203 (Tex. 2004). To be "related," the loss must be "[c]onnected in some way." BLACK'S LAW DICTIONARY 1479 (10th ed.) (2014). No release of natural gas caused Miramar's damages from loss of the hole and obstructed reserves. Those damages are not connected in any way to any release of natural gas. No release of natural gas caused Miramar's damages resulting from

equipment, tools, and pipe "that were broken in the well" (Nicklos Exhs. 4 ¶ 16; 5 ¶ 16) "as a result of the blowout" (Nicklos Exh. 6 ¶ 20). Nor are *those* damages connected in any way to any release of natural gas.

Even under Ace's speculative theory, the most that could be said is that the incident that *did* cause the losses that Miramar seeks to recover may have also incidentally involved a release of natural gas about which Miramar makes no complaint. Ace's argument is like saying a liability policy would not cover a car wreck because the car involved produced carbon monoxide when it ran the red light. No reasonable reading of the policy produces such a result.

The Pollution Exclusion has nothing to do with this case.

### D. Nicklos has produced evidence that Ace violated the Texas Prompt Payment of Claims Act.

The parties agreed to present the issue of Ace's duty to defend by motions for summary judgment. (*See* Joint Discovery/Case Management Plan [Doc. 6] at 3, Item 10.H.) That is why Nicklos has reserved the issue of its damages, attorneys' fees, and related issues, including Nicklos's claims under the Texas Prompt Payment of Claims Act. Ace has nevertheless addressed that claim.

Nicklos pleaded that Ace violated the Texas Prompt Payment of Claims statute (Pl. Pet'n ¶ 16). The Prompt Payment of Claims Act prohibits insurers from delaying payment of certain claims, including those at issue here. *See Trammell Crow*

*Residential Co. v. Virginia Surety Co.*, 643 F. Supp. 2d 844, 857 (N.D. Tex. 2008). The essential elements of a claim for violation of the Act are: (1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to follow one or more sections of the Act. *Allstate Ins. Co. v. Bonner*, 51 S.W.3d 289, 291 (Tex. 2001).

One such violation is failing to pay the claim within sixty days and that requirement applies to Ace's duty to defend here. *See Trammell Crow Residential Co. v. Virginia Surety Co.*, 643 F. Supp. 2d 844, 857 (N.D. Tex. 2008), *citing* Tex. Ins. Code § 542.058 and *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 20 (Tex. 2007). It is undisputed that more than sixty days have passed since Nicklos made its claim under the Ace policy and Ace has not paid it (Nicklos Exhs. 7, 9).

The only basis upon which Ace has sought to avoid Nicklos's claims under Ch. 542 of the Texas Insurance Code is Ace's contention that it has no duty to defend Nicklos under its policy. (Ace Mot'n 16). Since Nicklos has shown that Ace does have a duty to defend, Ace is not entitled to summary judgment on that claim. Nicklos writes now only to point out that it has produced evidence on all the essential elements of its claim.

And, despite Ace's claim to the contrary (and despite the current lack of evidence about Nicklos's defense costs) in *Berkley Regional Ins. Co. v. Phila. Indem. Ins. Co.*, 2011 WL 9879170, U.S. Dist. LEXIS 155852 *22-27 (W.D. Tex., Apr. 27, 2011),

*rev'd on other grounds*, 690 F.3d 342 (5th Cir. 2012), the court held that the insured's claims under the Prompt Payment of Claims Act *can* be assigned by the insured to another insurer. In any event, this court can take up the claims arising under the Texas Prompt Payment of Claims Act after deciding the duty-to-defend issue.

### *E. The issue of Ace's duty to indemnify is not ripe.*

In its Sur-Reply, Ace asks for summary judgment on its duty to indemnify because the court in the underlying case granted Nicklos summary judgment on Miramar's claims (Ace Sur-Reply 5). But that summary judgment is interlocutory and still subject to appeal. No final judgment establishes that there will be nothing for which Ace need indemnify Nicklos. So Ace is not entitled to summary judgment on that basis.

The duty to indemnify is distinct from the duty to defend. *D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2008); *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 594 (5th Cir. 2011). The duty to indemnify is controlled by the facts actually established in the underlying suit. *D.R. Horton-Texas, Ltd. v. Markel Intern. Ins. Co.*, 300 S.W.3d 740, 744 (Tex. 2008). Even if the insurer has no duty to defend, it may still have a duty to indemnify. *Id.*

Here, the facts established in the underlying suit have not been finally determined. So Ace is not entitled to a summary judgment on the duty to indemnify. In light of the current procedural posture of the underlying case and the time it may take to reach a final disposition of that matter, Nicklos anticipates that this court will be asked

eventually to dismiss without prejudice the duty-to-indemnify issue after the completion of proceedings involving the duty-to-defend issue. *See Id.* at 745.

## V. CONCLUSION

The court should grant Nicklos summary judgment declaring that Ace has a duty to defend Nicklos against Miramar's claims in the underlying case and that Ace has breached its insurance contract by failing and refusing to do so. The court should deny Defendant Ace American Insurance Company's Motion for Summary Judgment.

Respectfully submitted,

/s/ Roy L. Barnes
ROY L. BARNES, Attorney-in-Charge
State Bar No. 01772500
Southern District Bar No. 14055
RBarnes@TBGDLaw.com

Of Counsel:
JESUS GARCIA, JR.
State Bar No. 24027389
Southern District Bar No. 30623
Jgarcia@TBGDLaw.com

TUCKER, BARNES, GARCIA & DE LA GARZA, P.C.
712 Main St., Suite 1600
Houston, Texas 77002
(713) 228-7425
(713) 228-7329 (Fax)

# CERTIFICATE OF SERVICE

    I certify that a true and correct copy of the foregoing document was served on the following via the Court's Electronic Filing System:

    Alicia G. Curran, Esq.
    1717 Main Street, Suite 3400
    Dallas, Texas 75201

on this <u>25th</u> day of September, 2014.

            <u>/s/ Roy L. Barnes     </u>
            ROY L. BARNES