IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| NICKLOS DRILLING COMPANY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-14-021 |
| | § | |
| ACE AMERICAN INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This insurance coverage dispute is before the Court on the Motion for Partial Summary Judgment [Doc. # 9] filed by Plaintiff Nicklos Drilling Company ("Nicklos"), to which Defendant Ace American Insurance Company ("Ace") filed a Response [Doc. # 12], Nicklos filed a Reply [Doc. # 15], Ace filed a Sur-Reply [Doc. # 17], and Nicklos filed a Response [Doc. # 18] to Ace's Sur-Reply.  Also pending is Ace's Motion for Summary Judgment [Doc. # 10], to which Nicklos filed a Response [Doc. # 11], and Ace filed a Reply [Doc. # 16].  Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Ace's Motion should be **granted**, that Nicklos's Motion should be **denied**, and that judgment should be entered in Ace's favor.

## I.   <u>BACKGROUND</u>

Ace issued a Commercial General Liability Policy (the "Policy") to Miramar Petroleum, Inc. ("Miramar"), under which Nicklos is an additional insured.  Nicklos, an oil and gas drilling company, was hired by Miramar to drill a well known as the "Sartwelle #1."

After the well blew out, Miramar sued Nicklos and others in the 267th Judicial District Court for Jackson County, Texas (the "Underlying Lawsuit").  Miramar asserted a breach of contract claim against Nicklos.  In the Second Amended Petition in the Underlying Lawsuit, Miramar alleged that Nicklos and the other defendants "should have recognized that the well was on the verge of blowing out and that the mud weight was insufficient."  *See* Second Amended Petition [Doc. # 10-2], ¶ 15. Miramar alleged further that "Nicklos had experienced well operators on site who should have recognized that the pressure in the well exceeded the weight of the mud" and should have reported this to the other defendants in the Underlying Lawsuit.  *See id.*, ¶ 17.  In the Third Amended Complaint, Miramar alleged that it paid for real time monitoring "so that each defendant could monitor the progress of the drilling, the mud weight, and other vital information generated in drilling the well."  *See id.*, ¶ 15. Miramar again alleged that "Nicklos . . . should have recognized that the well was on the verge of blowing out and that the mud weight was insufficient" and if it "had

recognized that the well was going to blow out then they could have stopped the drilling in time to save the well." *Id.*, ¶ 18.  Miramar also alleged that "Nicklos had experienced well operators on site who should have recognized that the well could not be closed quickly and that mud weight was insufficient." *Id.*, ¶ 21.

Nicklos sought a defense and indemnity from Ace.  Based *inter alia* on the Professional Services Exclusion in the Policy, Ace denied coverage.  Nicklos filed this lawsuit in the 267th Judicial District Court of Jackson County, Texas, seeking a declaratory judgment that Ace has a duty to defend and indemnify Nicklos in the Underlying Lawsuit.  Nicklos also asserted causes of action for breach of contract and violations of the Texas Insurance Code.  Ace filed a timely Notice of Removal.  The parties have now filed motions for summary judgment, which are ripe for decision.

## II.    <u>SUMMARY JUDGMENT STANDARD</u>

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file,

and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

## III.   ANALYSIS

### A.    Interpretation of Insurance Contracts

Under Texas law, the insured has the initial burden to show coverage under the Policy, while the insurer has the burden to show that an exclusion applies.  *See Trinity Universal Ins. Co. v. Employers Mut. Cas. Co.*, 592 F.3d 687, 691-92 (5th Cir. 2010); *Harken Exploration Co. v. Sphere Drake Ins. PLC*, 261 F.3d 466, 471 (5th Cir. 2001). Insurance contracts are interpreted according to general rules of contract interpretation and construction, and a court's primary concern is to ascertain the parties' true intent as expressed in the written instrument.  *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995); *One Beacon Ins. Co. v. Crowley Marine Servs., Inc.*, 648 F.3d 258, 271 (5th Cir. 2011).  When there is doubt regarding the duty to defend, such doubt is resolved in favor of the insured.  *See Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (citing Texas law).

When analyzing an insurer's duty to defend, Texas courts strictly follow the "eight corners rule."  *See GuideOne Elite Ins. Co. v. Fielder Road Baptist Church*, 197

S.W.3d 305 (Tex. 2006); *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc*.,

699 F.3d 832, 840 (5th Cir. 2012); *Gilbane Bldg. Co. v. Admiral Ins. Co*., 664 F.3d

589, 596 (5th Cir. 2011).  As stated by the Texas Supreme Court:

> Under the eight-corners or complaint-allegation rule, an insurer's duty
> to defend is determined by the third-party plaintiff's pleadings,
> considered in light of the policy provisions, without regard to the truth
> or falsity of those allegations.  The rule takes its name from the fact that
> only two documents are ordinarily relevant to the determination of the
> duty to defend: the policy and the pleadings of the third-party claimant.
> Facts outside the pleadings, even those easily ascertained, are ordinarily
> not material to the determination and allegations against the insured are
> liberally construed in favor of coverage.

*GuideOne*, 197 S.W.3d at 308 (internal citations omitted); *see Gilbane*, 664 F.3d at

596 (citing *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.*, 279 S.W.3d 650, 654

(Tex. 2009)).  The Texas Supreme Court has never expressly recognized an exception

to the eight corners rule.   *See ACE*, 699 F.3d at 840.  An insurer owes its insured a

duty to defend when the pleadings allege facts that *potentially* state at least one cause

of action within the policy's coverage.  *See Northfield Ins.*, 363 F.3d at 528 (applying

Texas law); *PPI Tech. Servs., L.P. v. Liberty Mut. Ins. Co.*, 515 F. App'x 310, 313

(5th Cir. 2013).

When a take nothing judgment is entered in favor of the insured in the

underlying litigation, the duty to indemnify issue is rendered moot.  *See Jamestown*

*Ins. Co., RRG v. Reeder*, 508 F. App'x 306, 308 (5th Cir. Jan. 17, 2013); *Mid-*

*Continent Cas. Co. v. Academy Dev., Inc.*, 476 F. App'x 316, 318 (5th Cir. Apr. 20, 2012).

## B.   <u>Professional Services Exclusion</u>

The Policy contains an exclusion of "Designated Professional Services," excluding coverage for professional services.   *See* Exclusion – Designated Professional Services, Policy [Doc. # 10-1].   The Professional Services that are excluded are described in the Policy as "preparing, approving, or failure to prepare or approve maps, shop drawings, opinion, reports, surveys, field orders, change orders, or drawing and specifications and supervisory, inspection, architectural or engineering activities" and "[a]ny other professional services provided by the insured." *See id.* Ace contends that this Professional Services Exclusion covers Miramar's allegations in the Underlying Lawsuit, citing *Admiral Ins. Co. v. Ford*, 607 F.3d 420 (5th Cir. 2010).[1]

In this case, the Policy does not specifically define "professional services" and, therefore, Texas law provides the relevant definition:

-----

[1]     In *Ford*, the insured was sued following the blowout of a well on which it was working.  The insurer argued that the professional services exclusion applied because the conduct *on which the underlying claim was based* involved the insured's specialized or technical knowledge.  *See id.* at 421.  The district court granted summary judgment in favor of the insured, and the Fifth Circuit reversed.  *See id.* at 426.

> [T]he task must arise out of acts particular to the individual's specialized
> vocation, [and] . . . it must be necessary for the professional to use his
> specialized knowledge or training.

*See id.* at 425 (quoting *Atlantic Lloyd's Ins. Co. of Tex. v. Susman Godfrey, L.L.P.*,
982 S.W.2d 472, 476-77 (Tex. App. – Dallas 1998, *pet. denied*)).  Miramar alleged in
the Underlying Lawsuit that "Nicklos had experienced well operators on site who
should have recognized that the pressure in the well exceeded the weight of the mud
and reported this" to others.  *See* Second Amended Petition, ¶ 17.  Nicklos denies that
it was responsible for monitoring the pressure and the weight of the mud and,
apparently, the court in the Underlying Lawsuit agreed because it granted Nicklos's
motion for summary judgment in that case, holding that Miramar take nothing as
against Nicklos.  *See* Order, Exh. 3 to Ace's Motion for Summary Judgment [Doc.
# 10-3].  This Court, however, must base its decision regarding the applicability of the
Professional Services Exclusion on Miramar's allegations in the Underlying Lawsuit,
not on whether those allegations prove accurate.  *See Ford*, 607 F.3d at 424.

   In the Underlying Lawsuit, Miramar alleged that Nicklos breached its contract
because it failed to exercise its specialized knowledge regarding the pressure and mud
weight required to prevent a blowout of the well.  Miramar did not sue Nicklos in the
Underlying Lawsuit based on any conduct other than Nicklos's failure to utilize its
allegedly specialized knowledge to prevent a well blowout.  Consequently, as was the

case in *Ford*, Miramar's allegations in the Underlying Lawsuit, even if not proven, fall within the Professional Services Exclusion in the Policy.  Ace is entitled to summary judgment that it owes Nicklos no duty to defend.

## IV.   CONCLUSION AND ORDER

The Professional Services Exclusion applies to Miramar's claims against Nicklos in the Underlying Lawsuit.  As a result, Ace does not owe Nicklos a duty to defend.  The duty to indemnify issue became moot when summary judgment was entered in favor of Nicklos in the Underlying Lawsuit.  Accordingly, it is hereby

**ORDERED** that Nicklos Drilling Company's Motion for Partial Summary Judgment [Doc. # 9] is **DENIED**.  It is further

**ORDERED** that Ace American insurance Company's Motion for Summary Judgment [Doc. # 10]  is **GRANTED**.  It is further

**ORDERED**  that judgment is entered that Ace does not have a duty to defend Wagner in *Miramar Petroleum, Inc. v. American Petroleum Drilling Fluids, Inc., et al.*, Cause No. 13-6-14449, in the 267th Judicial District Court of Jackson County, Texas.

The Court will issue a separate final judgment.

SIGNED at Houston, Texas, this **5th** day of **November, 2014**.

Nancy F. Atlas
United States District Judge

9